UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

OLOVEUSE SAVIOR,

       Plaintiff,

       v.

HENNEPIN COUNTY: JUVENILE
PROTECTION AGENCY AND JUVENILE
COURT SYSTEM, MIKE FREEMAN,
Hennepin County Attorney, and Hennepin
County Commissioner MIKE OPAT,

       Defendants.

Civil No. 12-753 (RHK/FLN)

**REPORT AND RECOMMENDATION**

Plaintiff commenced this action by filing a pro se complaint, and an application for leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The Court previously examined Plaintiff's submissions, and determined that his complaint failed to state an actionable claim for relief. Therefore, in an order dated April 25, 2012, (Docket No. 3), the Court informed Plaintiff that his IFP application would not be granted "at this time." That order gave Plaintiff an opportunity to file an amended complaint, and prescribed several very specific pleading requirements that Plaintiff would have to satisfy if he attempted to replead. The order also expressly advised Plaintiff that he would have to file a new complaint that complied with all of the prescribed pleading requirements by no later than June 1, 2012, and if he failed to do so, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

The deadline for filing an amended complaint has now expired, but Plaintiff has not complied with the Court's prior order. Plaintiff has submitted two new sets of papers,

(Docket Nos. 4 and 5), but none of those papers, whether considered separately or together, can be viewed as an amended complaint, even with the benefit of liberal construction that is customarily afforded to pro se litigants.  Because Plaintiff has not complied with the Court's prior order in a timely manner, the Court will now recommend, in accordance with the prior order, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's Application To Proceed In Forma Pauperis, (Docket No. 2), be **DENIED**; and

2.  This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: June 11, 2012

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 25, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs

filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.